IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| Lansford Beuns, <br> Petitioner, <br> <br> v. <br> <br> Gene M. Johnson, <br> Respondent. | ) <br> ) <br> ) <br> )    1:09cv424 (TSE/IDD) <br> ) <br> ) <br> ) |

## MEMORANDUM OPINION AND ORDER

Lansford Beuns, a Virginia inmate confined at the Greensville Correctional Work Center and proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the validity of his conviction for possession of heroin with intent to distribute in the Circuit Court for Portsmouth City, Virginia. Petitioner has paid the requisite filing fee, pursuant to 28 U.S.C. § 1914(a). Because it plainly appears from the face of the petition that petitioner is not entitled to federal habeas relief, this petition will be dismissed pursuant to the preliminary consideration provision of Rule 4 of the Rules Governing § 2254.

I.

On July 27, 2006, petitioner entered a conditional plea of guilty to possession with intent to distribute heroin, in violation of the Virginia Code, and he was sentenced on November 1, 2006, to serve twenty (20) years in prison with fifteen (15) suspended. Pet. at 1. Petitioner reserved the right to pursue an appeal of the denial of his motion to suppress, where he had argued that the totality of the circumstances did not establish probable cause for his arrest. On April 29, 2008, a panel of the Virginia Court of Appeals affirmed Beuns' conviction in an unpublished opinion. Beuns v. Commonwealth, 2008 WL 1862481 (Va. App. Apr. 29, 2008).

The appellate court's opinion reflects that the Portsmouth police obtained a warrant to search a residence located at a specific address, and also the person of Charles Lowe. The warrant, which

was obtained from information the police received from a confidential informant, authorized a search for "cocaine, [and] any paraphernalia used in the use, distribution and/or packaging of illegal narcotics." The informant had a two-year record of providing reliable information to the police that had led to the arrests of more than fifty people.

The police executed the warrant on the same day they obtained it. Before the entry team approached the residence, an officer spoke by telephone with the informant, who was in a concealed location where he could see the residence. The informant stated that a gold Honda Accord had stopped in front of the residence and backed into the driveway, and that Lowe, who was confined to a wheelchair, had been lifted into the front passenger seat of the vehicle. The informant further indicated that the vehicle's driver was bringing a large quantity of heroin to Lowe. The officer, who was en route to the residence, radioed police at the scene and told them to detain both Lowe and the driver of the vehicle, who was Beuns. The officer who received the radio dispatch observed the gold Honda in front of the house and approached the driver's side of the vehicle. The officer observed Beuns in the driver's seat with a large stack of U.S. currency on his lap. Beuns was removed from the automobile, handcuffed, and placed on the ground. When Beuns subsequently was helped to his feet, the police searched his pants pockets, and found two bags containing heroin.

After Beuns was indicted for possession of heroin with the intent to distribute, he moved to suppress the evidence seized from him, contending that police lacked probable cause to arrest and to search him, in violation of the Fourth Amendment. Following a suppression hearing on March 14, 2006, Pet., Att. 1 at "Overview," the trial court concluded that the arrest, followed by the search incident to the arrest, was lawfully executed and based on probable cause, and denied the motion.

On appeal, Beuns contended that the police lacked probable cause to arrest and to search him based on the informant's information. However, the appellate court after reviewing the evidence

concluded that the totality of facts and circumstances were sufficient to provide the police with probable cause to arrest Beuns for possessing narcotics, and that the police were entitled to search him incident to that arrest. The court noted that an informant's tip may provide the police with probable cause to arrest and search. Wright v. Commonwealth, 222 Va. 188, 191, 278 S.E.2d 849, 851 (1981). When the basis for a probable cause determination rests upon a tip, the informant's credibility and basis of his knowledge are factors to be considered in the totality of circumstances analysis. Illinois v. Gates, 462 U.S. 213, 233 (1983).

In this case, the appellate court found that the confidential informant had a proven record of reliability with the police, and that he personally observed Beuns arrive at a residence and interact with Lowe. The informant told the police that Beuns had arrived to deliver a large quantity of heroin to Lowe, and the police at the time had a warrant to search both the home and Lowe for narcotics. As the informant had described, officers subsequently observed the car in front of the residence with Beuns and Lowe inside, and then observed a large quantity of cash in plain view on Beuns' lap. Based on these considerations, the appellate court concluded that "any lack of detail in the informant's stated basis of knowledge as to [Beuns'] predicted criminal activity was compensated for by the informant's history of reliability, Officer Davis' own observations, and the probability of Lowe's criminal involvement, as established by the informant. Accordingly, the trial court did not err in denying the motion to suppress." Beuns v. Commonwealth, 2008 WL at 1862481.

Beuns thereafter sought further review by the Supreme Court of Virginia, but his appeal was refused on October 28, 2008. On November 24 2008, Beuns submitted a petition for a state writ of habeas corpus to the Virginia Supreme Court, apparently rasing the same claims he makes in this federal petition. Pet. At 4. On February 10, 2009, relief was denied on the basis of Slayton v. Parrigan, 205 S.E.2d 680 (Va. 1974) (holding that a claim is procedurally defaulted if the petitioner

could have raised it at trial or on direct appeal but did not). On March 29, 2009, petitioner turned to the federal forum in the instant case, raising the following claims:

1. The trial court erred in denying his motion to suppress where the totality of the circumstances did not establish probable cause to arrest him based solely on a tip from an informant.

2. The trial court erred in denying his motion to suppress where the totality of the circumstances did not establish probable cause to arrest him but at most gave law enforcement officers reasonable suspicion to conduct a Terry stop.

3. The trial court erred in denying the motion to suppress based on Wright v. Commonwealth, 222 Va. 188, 278 S.E.2d 849 (1981) to conclude that the confidential informant would relay information directly to the police team on site, thus providing probable cause to arrest him.

4. Neither the Court of Appeals nor the Virginia Supreme Court adequately addressed the issue of the use of Wright v. Commonwealth, supra, as the controlling basis to deny the motion to suppress.

Pet, Att. 1 at D.

## II.

As the petitioner acknowledges, "[t]he case at bar is solely grounded in the Fourth Amendment safeguards against illegal search and seizure." Pet, Att. 1 at "Overview." In Stone v. Powell, 428 U.S. 465, 494 (1976), the Supreme Court held that where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial. Pursuant to Stone, a federal court may not re-examine a state court's determination that no Fourth Amendment violation occurred, or that Fourth Amendment violation did occur but was harmless, unless it determines that the state did not provide the petitioner an opportunity for full and fair litigation of that claim. Hughes v. Dretke, 412 F.3d 582

(5th Cir. 2005), cert. denied, 546 U.S. 1177 (2006). Thus, as the Fourth Circuit Court of Appeals has observed, "Stone ... marked, for most practical purposes, the end of federal court reconsideration of Fourth Amendment claims by way of habeas corpus petitions where the petitioner had an opportunity to litigate those claims in the state court." Grimsley v. Dodson, 696 F.2d 303 (4th Cir. 1982).

In this case, it is readily apparent based on the record discussed above that petitioner was afforded a full and fair opportunity by the Commonwealth of Virginia to litigate his contention that his Fourth Amendment rights were violated by the search of his vehicle and his subsequent warrantless arrest. Thus, pursuant to Stone, this Court may not re-visit the state courts' determination that no Fourth Amendment violation occurred. Since all of petitioner's claims before this Court challenge that conclusion, it plainly appears from the face of the petition that petitioner is not entitled to federal habeas relief, so this petition will be dismissed pursuant to the preliminary consideration provision of Rule 4 of the Rules Governing § 2254.[1]

Accordingly, it is hereby

ORDERED that this petition be and is DISMISSED WITH PREJUDICE pursuant to Rule

---

[1] It is noted that, even if this case were allowed to proceed, petitioner's claims likely would be procedurally barred from federal consideration on the merits. A state court's finding of procedural default is entitled to a presumption of correctness, Clanton v. Muncy, 845 F.2d 1238, 1241 (4th Cir. 1988) (citing 28 U.S.C. § 2254(d)), provided that the state court explicitly relied on the procedural ground to deny petitioner relief, and that the state procedural rule constituted an independent and adequate state ground for denying relief. Harris v. Reed, 489 U.S. 255, 260-62 (1989). Ford v. Georgia, 498 U.S. 411, 423-24 (1991). When these two requirements are met, a federal court may not review the claim absent a showing of cause and prejudice or a fundamental miscarriage of justice, such as actual innocence. Harris, 489 U.S. at 260. Here, as noted, the Supreme Court of Virginia dismissed petitioner's instant claims as defaulted pursuant to Slayton v. Parrigan, 205 S.E.2d 680 (Va. 1974), and the Fourth Circuit has held consistently that "the procedural default rule set forth in Slayton constitutes an adequate and independent state law ground for decision." Mu'min v. Pruett, 125 F.3d 192, 196-97 (4th Cir. 1997). Thus, unless petitioner could establish cause and prejudice or a fundamental miscarriage of justice, the claims he raises here would be procedurally defaulted from adjudication on the merits.

4 of the Rules Governing § 2254.

To appeal, petitioner must file a written notice of appeal with the Clerk's Office within thirty (30) days of the date of this Order. A written notice of appeal is a short statement stating a desire to appeal this Order and noting the date of the Order petitioner wants to appeal. Petitioner need not explain the grounds for appeal until so directed by the court. Petitioner must also request a certificate of appealability from a circuit justice or judge. See 28 U.S.C. § 2253 and Fed. R. App. P. 22(b). For the reasons stated above, this Court expressly declines to issue such a certificate.

The Clerk is directed to send a copy of this Memorandum Opinion and Order to petitioner and a courtesy copy of this Memorandum Opinion and Order and the petition to the Attorney General of Virginia on behalf of respondent, pursuant to Rule 4 of the Rules Governing § 2254, and to close this civil case.

Entered this ___16th___ day of ___June___ 2009.

Alexandria, Virginia

/s/
T. S. Ellis, III
United States District Judge